UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                    Case No. 8:13-cr-269-T-27CPT

MOBASHAR ZAFAR TAHIR
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Tahir's *pro se* "Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i)" (Dkt. 70). No response is necessary. The motion is **DENIED**.

Tahir stands convicted of one count of possession with intent to distribute a mixture and substance containing a detectable amount of AM-2201, a Schedule I controlled substance, one count use of premises for manufacturing and distributing a controlled substance, and one count endangering human life while manufacturing a controlled substance. (Dkt. 64). He was sentenced to 24 months imprisonment, followed by 3 years of supervised release. (Id.). He did not appeal.

Tahir seeks compassionate release based on what he contends are "extraordinary and compelling" reasons. Construing his motion liberally, he contends that a sentence reduction is warranted because he "is in prison for conduct not unlawful and is vulnerable to contract the COVID-19 disease." (Dkt. 70 at 10).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies following the failure of the Bureau of Prisons to bring a motion on behalf of the defendant or 30 days after requesting the warden of the facility to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Tahir provides documentation that he filed a request with the prison to bring a motion on his behalf more

than 30 days ago. (Dkt. 70-1 at 2). Indeed, he requested that the Bureau of Prisons consider compassionate release and home confinement based on the impact the pandemic has on his family and his assertion that he is "the only care-taker of [his] elderly mother of 60 years old and the only bread earner for [his] family." (Id.). On June 4, 2020, his request for home confinement was denied. (Id. at 1). As for his request for compassionate release, the Bureau of Prisons directed him "to provide the guideline that you wish to apply under the Compassionate Release Policy." (Id. at 1). He does not assert that he amended his request or appealed the decision.

Upon review, 30 days have elapsed since the warden received Tahir's request for compassionate release based on COVID-19 and his family circumstances. Accordingly, pursuant to 18 U.S.C. § 3582(c)(1)(A), he could submit a motion seeking compassionate release, based on those same grounds, regardless of whether he appealed the warden's decision. His motion does not, however, ask this Court to consider family circumstances as a basis for compassionate release. Instead, he contends he is entitled to compassionate release because his convictions are unlawful and that COVID-19 presents a risk to the inmate population. (Dkt. 70).

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in

combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of Tahir's contentions fall within application notes (A)-(C). As for application note (D), to the extent Tahir contends this Court has discretion to consider what constitutes an extraordinary and compelling reason outside of the Sentencing Commission's policy statement, courts in this Circuit have rejected this contention. *See*, *e.g.*, *United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020) ("general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13"); *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). And to the extent he attempts to collaterally attack his convictions, he must do so in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

In sum, none of Tahir's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 9th day of July, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record